Judge: Mary Jo Heston
Chapter: 13 (Adversary Proceeding)
Hearing Location: Via ZoomGov
Hearing Date: March 4, 2026
Hearing Time: 1:00 p.m.
Response Date: February 25, 2026

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

Ilya Yukhimets

Debtor

CAUSE NO: 25-04074-MJH

**NOTICE OF MOTION AND
HEARING ON** Defendant's Motion to Dismiss

PLEASE TAKE NOTICE that Defendant PFO Side Car, LLC 's motion

for an Order to Dismiss seeking

an order dismissing Plaintiff's Complaint.

IS SET FOR HEARING AS FOLLOWS:

JUDGE: Mary Jo Heston                    TIME: 1:00 p.m.

PLACE: Via ZoomGov                       DATE: March 4, 2026

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and _____ NOT LATER THAN THE RESPONSE DATE, which is February 25, 2026. If you file a response you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, AND STRIKE THE HEARING.

Dated: February 4, 2026

Moving Party,

/ Christopher r. Ambrose, WSB #26237

Name (Inc. WSBA #, if applicable)

Attorney for Defendant PFO Side Car, LLC

[FILE WITH OR ATTACH PROOF OF SERVICE]

Notice of Motion and Hearing
Local Forms W.D. Wash. Bankr., Form 1
Eff. 12/19

# INSTRUCTIONS

## ZOOMGOV ACCESS INFORMATION FOR THE HON. MARY JO HESTON

**Join ZoomGov Meeting:**

https://www.zoomgov.com/j/1606692441?pwd=ZkVCbVEyTzZBRWovRll0ODZRUUFjQT09

Meeting ID: 160 669 2441

Passcode: 827542

**One tap mobile**

+16692545252,,1606692441# US (San Jose)

+16692161590,,1606692441# US (San Jose)

**Dial by your location**

- +1 669 254 5252 US (San Jose)

- +1 669 216 1590 US (San Jose)

- +1 415 449 4000 US (US Spanish Line)

- +1 551 285 1373 US (New Jersey)

- +1 646 828 7666 US (New York)

- +1 646 964 1167 US (US Spanish Line)

Meeting ID: 160 669 2441

Find your local number: https://www.zoomgov.com/u/abGXEPYqMS

Judge: Mary Jo Heston
Chapter: 13 (Adversary)
Hearing Location: Via ZoomGov
Hearing Date: March 4, 2026
Hearing Time: 1:00 p.m.
Response Date: February 25, 2026

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

Ilya Yukhimets

                                    Debtor(s)

CAUSE NO: 25-04074-MJH

MOTION TO
Dismiss Plaintiff's Adversary Complaint of
Defendant PFO Side Car LLC

Ilya Yukhimets, Plaintiff
v. PFO Side Car, LLC

The Party(s) hereby move(s) the Court for an Order to

Dismiss With Prejudice Plaintiff's Adversary Complaint                    ,

for the following reasons:

Defendant PFO Side Car, LLC proceeded with a foreclosure action pertaining to real property at 7413 NE 53rd Ave., Vancouver, Washington (the "Subject Property"). Plaintiff and his spouse, Anna Yukhimets, have filed a series of bankruptcy filings and conveyed the Subject Property between them in order to delay and hinder the foreclosure sales. Defendant obtained an Order for Relief from Stay and In Rem Relief (the "Order") based on Plaintiff's actions and rescheduled the foreclosure sale for December 5, 2025. Anna Yukhimets again conveyed the Subject Property to Plaintiff, and Plaintiff then again filed another bankruptcy notwithstanding the Order. Plaintiff did not seek relief from the Order, and the foreclosure sale proceeded. A trustee's deed conveying the Subject Property was recorded. Plaintiff filed this adversary complaint, and Defendant now seeks an order dismissing it based on this Court's discretion and for failure of the adversary complaint to state a claim upon which relief may be granted.

Dated: February 4, 2026

Moving Party,
/ Christopher R. Ambrose, WSB#26237

Name (Inc. WSBA #, if applicable)

Attorney for Defendant PFO Side Car, LLC

You can view Judges' Calendars for available hearing dates at: www.wawb.uscourts.gov/chambers-information

Generic Motion
Eff. 6/23



Honorable Mary Jo Heston
Chapter 13
Hearing location: Via ZoomGov
Hearing Date: March 4, 2026
Time: 1:00 p.m.
Response Date: February 25, 2026

Christopher R. Ambrose, Esq.
WSB No. 26237
Ambrose Law Group, LLP
312 NW 10th Ave., Ste. 200
Portland, Oregon 97201-6616
(503) 467-7209
(503) 467-7210 (facsimile)
crambrose@ambroselaw.com
Of Attorneys for Defendant PFO Side Car LLC

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ILYA YUKHIMETS,<br><br>              Plaintiff,<br><br>vs.<br><br>PFO SIDE CAR LLC, an Oregon limited liability company,<br><br>              Defendant. | Case No.: 25-04074-MJH<br><br>**CERTIFICATE OF SERVICE OF MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF CHRISTOPHER R. AMBROSE, AND PROPOSED ORDER** |

**Page 1 - CERTIFICATE OF SERVICE RE MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND RELATED DOCUMENTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing **CERTIFICATE OF SERVICE OF MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF CHRISTOPHER R. AMBROSE, AND PROPOSED ORDER** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, on February 4, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

DATED this 4th day of February, 2026.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com

**Page 2 - CERTIFICATE OF SERVICE RE MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND RELATED DOCUMENTS**

Honorable Mary Jo Heston
Chapter 13 (Adversary Complaint)
Hearing location: Via ZoomGov
Hearing Date: March 4, 2026
Time:  1:00 p.m.
Response Date: February 25, 2026

Christopher R. Ambrose, Esq.
WSB No. 26237
Ambrose Law Group, LLP
312 NW 10th Ave., Ste. 200
Portland, Oregon 97201-6616
(503) 467-7209
(503) 467-7210 (facsimile)
crambrose@ambroselaw.com
Of Attorneys for Defendant PFO Side Car LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ILYA YUKHIMETS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PFO SIDE CAR LLC, an Oregon limited<br>liability company,<br><br>                    Defendant. | Case No.: 25-04074-MJH<br><br>**MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant PFO Side Car, LLC's Motion to Dismiss Adversary Proceeding with Prejudice is set for hearing as follows:

Judge:     Hon. Mary Jo Heston          Date:  March 4, 2026

Place:     Via ZoomGov                        Time: 1:00 pm

**Page 1 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

If you oppose the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned, NO LATER THAN THE RESPONSE DATE, which is February 25, 2026. If you file a response you are also required to appear at the hearing.

IF NO RESPONSE IS TIME FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

**MOTION**

Defendant PFO Side Car, LLC, an Oregon limited liability company, ("PFO Side Car"), hereby moves to dismiss with prejudice Plaintiff's adversary proceed because the underlying bankruptcy case has been dismissed and for failure to date a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is based upon the files and records of this case, the attached Memorandum of Points and Authorities, and the order dismissing Plaintiff's underlying bankruptcy case, Case No. 25-43020-MJH. That order can be found in the docket for that case at ECF No. 23.

PFO Side Care respectfully requests that the Court enter its Order:

A.      Granting the Motion;

B.      Dismissing Plaintiff's Adversary Proceeding with prejudice; and,

C.      Granting such other relief as the Court deems appropriate.

Dated this 4th day of February, 2026.

AMBROSE LAW GROUP, LLP


/s/ Christopher R. Ambrose
Christopher R. Ambrose, WSB No. 26237
Of Attorneys for Or Creditor PFO Side Car LLC

**Page 2 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing **MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, on February 4, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

DATED this 4th day of February, 2026.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com

**Page 3 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

Honorable Mary Jo Heston
Chapter 13 (Adversary Complaint)
Hearing location: Via ZoomGov
Hearing Date: March 4, 2026
Time: 1:00 p.m.
Response Date: February 25, 2026

Christopher R. Ambrose, Esq.
WSB No. 26237
Ambrose Law Group, LLP
312 NW 10th Ave., Ste. 200
Portland, Oregon 97201-6616
(503) 467-7209
(503) 467-7210 (facsimile)
crambrose@ambroselaw.com
Of Attorneys for Defendant PFO Side Car LLC

## UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ILYA YUKHIMETS,<br><br>                    Plaintiff,<br><br>vs.<br><br>PFO SIDE CAR LLC, an Oregon limited liability company,<br><br>                    Defendant. | Case No.: 25-04074-MJH<br><br>**MEMORANDUM IN SUPPORT OF PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY PROCEEDING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant PFO Side Car LLC ("PFO Side Car"), by and through the undersigned counsel, submits the following Memorandum in Support of PFO Side Car LLC's Motion to Dismiss Adversary Proceeding, and represents as follows:

## I. INTRODUCTION

Plaintiff's Complaint is the latest in a series of attempts by Plaintiff Ilya Yukhimets ("Plaintiff"), his spouse Anna Yukhimets ("Anna Yukhimets"), and Plaintiff's wholly owned

**Page 1 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

entity, Prudent Capital, LLC, to hinder and delay enforcement of PFO Side Car LLC's foreclosure actions (the "Foreclosure Actions") pertaining to real property located at 7413 NE 53rd Avenue, Vancouver, Washington 98661 (the "Subject Property"). In response to the Foreclosure Actions, Plaintiff, Anna Yukhimets, and Prudent Capital have filed four (4) bankruptcy cases, each of which was summarily dismissed based on noncompliance with court requirements.

Most recently, Plaintiff filed a fourth bankruptcy case (USBC Western District of Washington, Case No. 25-43020-MJH) the day before a fourth re-setting of a foreclosure sale date for December 5, 2025. However, Plaintiff ignores the fact that this Court already had issued an order under 11 USC § (d)(4), granting *in rem* relief from the automatic stay pertaining to the Subject Property (the "Order Granting Relief From Stay and In Rem Relief"). (In Re Anna Yukhimets, Docket No. 17, dated October 8, 2025.) Plaintiff failed to obtain relief from the Order Granting Relief from Stay and In Rem Relief at any time - clearly knowing that he could not obtain such relief. As a result, the foreclosure proceeding pertaining to the Subject Property proceeded on December 5, 2025, and the Subject Property has been conveyed.

Additionally, Plaintiff ignores that his most recent bankruptcy case, USBC Western District of Washington, Case No. 25-43020-MJH, was dismissed based, in part, on inadequate filing, by court order dated December 30, 2025. There is no automatic stay in effect.

Notwithstanding the foregoing, Plaintiff and Anna Yukhimets have repeatedly threatened Plaintiff and its counsel, have filed numerous documents without notice, and have filed the unintelligible adversary complaint (the "Adversary Complaint") in this proceeding. In doing so, Plaintiff and Anna Yukhimets continue to abuse the bankruptcy process and waste value court time and resources in an attempt to prevent PFO Side Care from obtaining possession of the Subject Property so they may continue to use and

**Page 2 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

possess the Subject Property. To the extent necessary, an action in the Clark County Superior Court will address Plaintiff's continued possession.

The Adversary Complaint should be dismissed without prejudice based on its failure to state a claim upon which relief may be granted. As noted, this Court previously granted *in rem* relief pertaining to the Subject Property, and this Court also dismissed the most recent Plaintiff's bankruptcy, and there is no basis in law or in fact for any Plaintiff's claim. Given Plaintiff's inability to correct his filing deficiencies and the inability to correct the deficiencies in the Adversary Complaint, dismissal with prejudice is warranted.

## II. REQUEST FOR JUDICIAL NOTICE

Creditor requests that the Court take judicial notice of all filings which occurred in the Chapter 13 filing of Plaintiff in the U.S. Bankruptcy Court for the Western District of Washington, under Case No. 25-40953-MJH (the "Ilya Yukhimet's Chapter 13 Bankruptcy Case No. 1"); the Chapter 13 filing of Anna Yukhimets (in the U.S. Bankruptcy Court for the Western District of Washington, under Case No. 25-41502-MJH (the "Anna Yukhimets Bankruptcy Case No. 1"); the second Chapter 13 filing of Anna Yukhimets (in the U.S. Bankruptcy Court for the Western District of Washington, under Case No. 25-42195-MJH)("Anna Yukimets Bankruptcy Case No. 2"), and the second Chapter 13 filing of Plaintiff (in the U.S. Bankruptcy Court for the Western District of Washington, under Case No. 25-43020-MJH)(the "Ilya Yukhimets Bankruptcy Case No. 2").

## III. SUMMARY OF FACTS

1. Borrower Prudent Capital, LLC ("Borrower"), is a Nevada limited liability company, that previously owned the Subject Property. PFO Side Car held the first priority deed of trust lien (the "Trust Deed") against the Subject Property to secure repayment of a loan (the "Loan"), in the original principal amount of $720,000.00, made in October 2022. At the time the Loan was made, the Real Property was

**Page 3 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

owned by Borrower, whose two governors were and are identified as Elijah aka Ilya Yukhimets ("Ilya Yukhimets") and debtor Anna Yukhimets ("Debtor Anna Yukhimets"). Ilya Yukhimets and Debtor Anna Yukhimets are spouses. As noted below, ownership of the Subject Property was later transferred to Ilya Yukhimets for zero consideration without notice to or the consent of PFO Side Car or PFO Side Car's assignor, immediately prior to a nonjudicial foreclosure sale, and then to Debtor for zero consideration without notice to or with the consent of PFO Side Car or PFO Side Car's assignor, immediately prior to a rescheduled nonjudicial foreclosure sale, and then again to Plaintiff, immediately prior to a rescheduled nonjudicial foreclosure sale without notice to or with the consent of PFO Side Car or PFO Side Car's assignor. (Declaration of Lorena Teer in Support of Motion for Relief from Stay ("Teer Declaration"), Anna Yukhimets Bankruptcy Case No. 2, Docket Number 10.)

2. The Loan went into default and PFO Side Car's assignor caused the commencement of a nonjudicial foreclosure action (the "Foreclosure Action"). Immediately prior to the foreclosure sale date, Borrower conveyed the Subject Property to Ilya Yukhimets, who then filed the Ilya Yukhimets' Chapter 13 Bankruptcy Case. That case was dismissed by this Court for noncompliance with a Court order. (Ilya Yukhimets Bankruptcy Case No. 1, Docket No. 11, Dated May 13, 2025.)

3. The Foreclosure Action then recommenced, and a new foreclosure date was set. Immediately prior to the second foreclosure sale date, Ilya Yukhimets conveyed the Subject Property to Debtor Anna Yukhimets, who then filed Anna Yukhimets Bankruptcy Case No. 1. There were numerous filing deficiencies noted in the court record, Debtor Anna Yukhimets failed to correct the deficiencies, and this Court dismissed that case. (Anna Yukhimets Bankruptcy Case No. 1, Docket No. 11, Dated July 16, 2025.)

**Page 4 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

4. The Foreclosure Action then recommenced, and a new foreclosure date was set for September 5, 2025. Immediately prior to this third foreclosure sale date (on September 4, 2025), Anna Yukhimets filed Anna Yukhimets Case No. 2. There were numerous filing deficiencies noted in the court record, Anna Yukhimets failed to correct the deficiencies, and this Court dismissed the case. (Anna Yukhimets Bankruptcy Case No. 2, Docket No. 17, dated October 10, 2025.)

5. Additionally, as a result of the serial bankruptcy filings, the continued deficient filings, and the lack of any equity in the Subject Property (among other factors), PFO Side Car filed a Motion for Relief from Stay and *In Rem* Relief (the "Motion For Relief"). (Anna Yukhimets Bankruptcy Case No. 2, Docket No. 10.)[1]

6. As noted in the Motion for Relief, Borrower's, Ilya Yukhimets', and Debtor Anna Yukhimets' serial filings of Chapter 13 petitions on the eve of scheduled foreclosure sales, the unauthorized transfers of the ownership of the Subject Property without the consent of the PFO Side Car or PFO Side Car's assignor and without consideration, and the failure of Ilya Yukhimets and Debtor Anna Yukhimets to comply with the terms of the bankruptcy requirements, constitute "cause," under 11 USC § 362(d)(1), and also constitute part of a scheme to delay, hinder, or defraud PFO Side Car and PFO Side Car's assignor, under 11 USC § 362(d)(4), entitling PFO Side Car to relief from the automatic stay, including *in rem* relief from the automatic stay regarding the Subject Property.

7. Additionally, as noted in the Motion, the amount secured by the underlying debt owed PFO Side Car substantially exceeds the fair market value of the Subject Property and there is no adequate protection. This is in addition to the fact that

---

[1]PFO Side Car requests this Court take judicial notice of the Motion for Relief From Stay, including but not limited to the Declarations of Lorena Teer and Christopher Ambrose, and the exhibits thereto. (Anna Yukhimets Bankruptcy Case No. 2, Docket No. 10.)

**Page 5 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

PFO Side Car and PFO Side Car's assignee have never authorized the conveyance of the Subject Property, and that Borrower remains the obligor and has not provided any payment plan. Pursuant to 11 USC § 362(d)(2), Debtor Anna Yukhimets does not have any equity in the Subject Property and the Subject Property is not necessary to an effective reorganization. (Teer Declaration, Anna Yukhimets Bankruptcy Case No. 2, Docket No. 10.)

8. This Court granted the Motion for Relief and In Rem Relief by court order dated October 8, 2026. (Anna Yukhimets Bankruptcy Case No. 2, Docket No. 17.)(Ambrose Declaration, Ex. "1.")

9. PFO Side Car re-set the Foreclosure Sale for December 5, 2025 and provided all appropriate notices. Consistent with Plaintiff's and Anna Yukhimets' prior dilatory actions, the Subject Property was transferred from Anna Yukhimets back to Plaintiff on November 24, 2025 without consideration (as specifically identified in the recorded Quit Claim Deed), and without notice to or approval of PFO Side Car. (Declaration of Christopher Ambrose, Exhibit "2.") Further, and again consistent with Plaintiff's and Anna Yukhimets' prior actions, Plaintiff then filed Ilya Yukhimets Bankruptcy Case No. 2 on December 4, 2025. (Ilya Yukhimets Bankruptcy Case No. 2, Docket No. 1.)

10. In accordance with the Order Granting Relief from Stay and In Rem Relief pertaining to the Subject Property, the Foreclosure Sale proceeded as scheduled on December 5, 2025. (Ambrose Declaration, ¶ 2.)

11. PFO Side Car's counsel informed Plaintiff of the results of the foreclosure sale on December 5, 2025. Plaintiff responded that day with the following threats (which have continued):

> Are you happy with your unlawful and unconstitutional actions? Your happiness will end quickly!

> Please be advised that your actions are categorically unlawful, in violation of constitutional mandates, and morally reprehensible. You will be held liable

**Page 6 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

under the full force of the law for the grievous injuries and irreversible harm inflicted upon me and my family, constituting a flagrant breach of both national and international legal standards.

**You shall be subject to a deliberate and unyielding prosecution before a military tribunal, where you will face charges pertaining to crimes against humanity.** Concurrently, the constitutional court, as the ultimate guardian of legal integrity, will ensure that your egregious violations are met with uncompromising justice—contrary to the unauthorized tribunals you have attempted to invoke.

Your conduct is indefensible, and you will forever bear the stigma of representing an embodiment of malevolence. **The relentless pursuit of justice will inevitably lead to your full and ultimate condemnation.**

Any individual involved in this illicit, unconstitutional, and unlawful conduct will be held fully accountable and required to redress the damages incurred.

(Ambrose Supplemental Declaration, ¶ 3, Ex. "3.")

12. There were no bidders at the Foreclosure Sale, and a Trustee's Deed as a Result of Foreclosure (the "Trustee's Deed") was recorded December 9, 2025, conveying the Subject Property to PFO Side Car. PFO Side Car retains ownership of the Subject Property. (Ambrose Declaration, ¶ 4, Ex. "4.")

## IV. POINTS AND AUTHORITIES

**A. The Court Should Dismiss the Adversary Proceeding Because It Dismissed Plaintiff's Underlying Bankruptcy Case.**

Although not expressly mandated by 11 U.S.C. § 349, the Ninth Circuit recognizes that "the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Carraher v. Morgan Elec., Inc.* (*In re Carraher*), 971 F. 2nd 327, 328 (9th Cir. 1992). Bankruptcy courts have discretion to retain jurisdiction over an adversary proceeding when judicial economy, fairness, convenience and comity favor retention (*Linkway Inv. Co. V. Olsen* (*In re Casamont Investors*), 196 B.R. 517, 525 (9th Cir. BAP 1996).

Judicial economy does not favor retention here because virtually no litigation has taken place. Retention may be justifiable in cases where the court or the parties have

**Page 7 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

substantially litigated the action, such that a dismissal would result in an unnecessary waste of resources. *Linkway Inv. Co.*, 196 B.R. at 524 (noting that courts have refused to dismiss adversary proceedings when the courts and the parties had substantially litigated the actions). Otherwise, dismissal of the adversary proceeding is appropriate. *Id.* (declining to retain jurisdiction over adversary proceeding that had been pending for less than two months when the debtor moved to dismiss the bankruptcy case and all responsive pleadings had not been filed).

Here, Plaintiff filed the Complaint barely one month ago. The parties have not commenced discovery. Neither the Court nor the parties have substantially litigated the adversary proceeding.

Fairness and convenience also do not favor retention. These factors involve similar considerations as judicial economy. For example, courts have retained jurisdiction when a proceeding has been going on for six years, and it would have been unfair to defendants to delay matters further by remanding these claims to state court when the bankruptcy court could easily dispose of them. *Carraher*, 971 F.2d at 328. Given that virtually no litigation has occurred prior to this Motion, Plaintiff would not be prejudiced by the dismissal of the adversary proceeding.

Lastly, the principal of comity strongly favors dismissal of Plaintiffs action. Plaintiffs Complaint, while hardly a model of clarity, apparently involves a single state law claim based on his belief that the foreclosure was improper.

None of the above factors favor the Court's retention of jurisdiction over the adversary proceeding. Accordingly, the Court should dismiss the Complaint because the underlying bankruptcy case has been dismissed.

**B.** **The Adversary Proceeding Should Be Dismissed Because the Adversary Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Even if the Court was inclined to retain jurisdiction of this adversary proceeding following the dismissal of the underlying bankruptcy case, the adversary proceeding still

**Page 8 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

should be dismissed because Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted.  To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622 678 (2009); *Bell Atlantic Corp. V. Tuombly*, 550, U.S. 544, 570 (2007).  Only facts alleged in the complaint are presumed to be true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Legal assertions and conclusory statements of elements are not entitled to an assumption of truth. *Id.* at 679.

A claim is facially plausible only when the complaint alleges facts that allow a reasonable inference that the defendant would be liable for the alleged misconduct. *Iqbal* at 678 (citing *Tuombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not show[n]-that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted).

### 1.    **Plaintiff's Claim Fails to Satisfy Applicable Pleading Standards.**

Although courts liberally construe the pleadings of pro se litigants, "]t]his does not mean . . . that a court can make the Plaintiff's case where he has failed to do so." *Young v. Wachovia FSB*, No. 11-0552, 2011 U.S. Dist. LEXIS 80143, at *2 (W.D. Wash. July 21, 2011).  "[C]ourts should not have to serve as advocates for pro se litigants." *Id.* (Citation omitted.)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most

favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

> "A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. Id. 'Factual allegations must be enough to raise a right to relief above the speculative level.' *Id.* If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.* A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996), *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)."

*Veerkamp v. Perlstein*, 2025 U.S. Dist. LEXIS 235085, *4-5, 2025 LX 596155

Plaintiff's Complaint contains only conclusory allegations that fail to state a claim for relief. The Complaint is largely incomprehensible and contains frequent, inexplicable references to a lack of "due process rights," and "unlawful practices." By way of example and example only, Plaintiff alleges on the one hand that "[o]n December 4th, 2025, I Ilya Yukhimets initiated a bankruptcy proceeding under Chapter 13, requesting emergency protection and an automatic stay. A copy of the bankruptcy filing was subsequently email, notifying all relevant parties of such protection under chapter 13 and establishing that all foreclosure proceedings must cease to avoid violations of federal statutes."

On the other hand, Plaintiff claims that had "not received any notice regarding them impending foreclosure proceedings." He fails to plead, in a coherent manner, how it came to pass that he felt it appropriate for Anna Yukhimets to convey the Subject Property to him on November 24, 2025, i.e., 10 days before the Foreclosure Sale, and to file bankruptcy the day before the Foreclosure Sale scheduled for December 5, 2025.

**Page 10 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

The Complaint, such that it is, requests "reinstatement of the automatic stay" (thereby acknowledging that the automatic stay is not in effect), damages without identification, and emotional distress without a legal basis.

**2. Plaintiff's Claim Fails to Acknowledge the Existence of In Rem Relief Pertaining to the Subject Property.**

To state a claim for a violation of an automatic stay, Plaintiff must show a willful violation of the creditor. See 11 USC § 362(h); *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). A willful violation requires that a party allege sufficient facts to show that the creditor knew of the automatic stay and intentionally violated the stay. *In re Peralta*, 317 B.R. 381, 389 (B.A.P. 9TH Cir. 2004).

Additionally, "Plaintiff is required to plead more than an unadorned accusation that the Defendants violated the automatic stay. *See Ashcroft*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Roohan v. Nat'l Mortg.*, 2018 U.S. Dist. LEXIS 54811, *7, 2018 WL 1562013

In this instance, Plaintiff fails to recognize that *In Rem* relief existed pertaining to the Subject Property, and that he obtained relief from the Order Granting Relief From Stay and In Rem Relief. Because the automatic stay was not in effect on December 5, 2025, as it pertains to the Subject Property, the Foreclosure Sale could not have violated the stay.

Additionally, there are no allegations that PFO Side Car violated the automatic stay in any other regards, because none existed. To the extent Plaintiff seeks to allege damages for violations for actions during January 2026, Plaintiff fails to acknowledge that the automatic stay ceased as of December 30, 2025, when this Court dismissed the Ilya Yukhimets Bankruptcy Case No. 2.

Further, even if there were a stay violation, Plaintiff has not sufficiently alleged that he suffered compensable damages. He fails to identify that he had any equity in the Subject Property or that the Foreclosure Sale resulted in the loss of a valid interest in the

**Page 11 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

Subject Property. In fact, as noted in the Motion for Relief and In Rem Relief, the Subject Property was hundreds of thousands of dollars under water. Had Plaintiff felt that action to preserve his interest in the Subject Property was warranted, he could have filed schedules and a plan in the Ilya Yukhimets Bankruptcy Case No. 2, but failed to do so for obvious reasons - Plaintiff and Anna Yukhimets are egregiously using the court system to delay the consequences of their actions.

Finally, the Order Granting Relief From Stay and In Rem Relief provided that the "Debtor in a subsequent case under this title [11 U.S.C. § 362(d)(4)] may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and hearing." Neither Anna Yukhimets nor Ilya Yukhimets obtained relief from the Order Granting Relief from Stay and In Rem Relief.

### V. CONCLUSION

For the foregoing reasons, PFO Side Car's Motion to Dismiss should be granted. PFO Side Car requests:

1. That the Court grant its Motion to Dismiss;

2. That the Court dismiss the Adversary Complaint with Prejudice;

3. That the Court grant such other and further relief as may be appropriate.

DATED this 4th day of February, 2026.

AMBROSE LAW GROUP, LLP


/s/ Christopher R. Ambrose
Christopher R. Ambrose, WSB No. 26237
Of Attorneys for Or Creditor PFO Side Car LLC


**Page 12 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud.com

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, on February 4, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

DATED this 4th day of February, 2026.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com

**Page 13 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

Christopher R. Ambrose (WSB No. 26237)
Email: crambrose@ambroselaw.com
**AMBROSE LAW GROUP LLC**
312 NW 10th Avenue, Suite 200
Portland, Oregon 97209-3121
503.222.0552 (Main)
503.467.7237 (Direct)

*Attorneys for Defendant PFO Side Car LLC*

## UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ILYA YUKHIMETS,<br><br>       Plaintiff,<br><br>vs.<br><br>PFO SIDE CAR LLC, an Oregon limited liability company,<br><br>       Defendant. | Case No. 25-04074-MJH<br><br>**DECLARATION OF CHRISTOPHER AMBROSE IN SUPPORT OF DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT** |

I, Christopher Ambrose, declare as follows:

1. I am an attorney licensed to practice in all the courts of the State of Washington, including the United States Bankruptcy Court, Western District of Washington. The following is based on my own personal knowledge. This declaration is not for purposes of harassment or delay. I make this Declaration in support of Defendant's Motion to Dismiss the adversary complaint of plaintiff Ilya Yukhimets. The following is true to the best of my knowledge, information and belief.

2. In the bankruptcy case of Anna Yukhimets, USBC Case No. 25-42195-MJH, this Court granted PFO Side Car's Motion for Relief and In Rem Relief by court order dated October 8, 2026. (A true and correct copy of the Order is attached hereto and

**Page 1 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

incorporated herein by reference as Exhibit "1.") The *in rem* relief pertained to that real property commonly known as 7413 NE 53rd Avenue, Vancouver, Washington 98661 (the "Subject Property").

3. PFO Side Car re-set its pending foreclosure sale for December 5, 2025 and provided all appropriate notices. The Subject Property was transferred from Anna Yukhimets back to Plaintiff on November 24, 2025 without consideration (as specifically identified in the recorded Quit Claim Deed), and without notice to or approval of PFO Side Car. (A true and correct copy of the recorded Quit Claim Deed from Anna Yukhimets to Plaintiff is attached hereto and incorporated herein by reference as Exhibit "2.") Plaintiff then filed his second bankruptcy case on December 4, 2025. That bankruptcy case was dismissed December 30, 2026 (Docket No. 23).

4. In accordance with the Order Granting Relief from Stay and In Rem Relief pertaining to the Subject Property, the Foreclosure Sale proceeded as scheduled on December 5, 2025.

5. I informed Plaintiff of the results of the foreclosure sale on December 5, 2025. Plaintiff responded that day with the following threats (which have continued):

> Are you happy with your unlawful and unconstitutional actions? Your happiness will end quickly!
>
> Please be advised that your actions are categorically unlawful, in violation of constitutional mandates, and morally reprehensible. You will be held liable under the full force of the law for the grievous injuries and irreversible harm inflicted upon me and my family, constituting a flagrant breach of both national and international legal standards.
>
> **You shall be subject to a deliberate and unyielding prosecution before a military tribunal, where you will face charges pertaining to crimes against humanity.** Concurrently, the constitutional court, as the ultimate guardian of legal integrity, will ensure that your egregious violations are met with uncompromising justice—contrary to the unauthorized tribunals you have attempted to invoke.

**Page 2 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

Your conduct is indefensible, and you will forever bear the stigma of representing an embodiment of malevolence. **The relentless pursuit of justice will inevitably lead to your full and ultimate condemnation.**

Any individual involved in this illicit, unconstitutional, and unlawful conduct will be held fully accountable and required to redress the damages incurred.

(A true and correct copy of the email is attached hereto and incorporated herein by reference as Exhibit "3.")

6. There were no bidders at the Foreclosure Sale, and a Trustee's Deed as a Result of Foreclosure (the "Trustee's Deed") was recorded December 9, 2025, conveying the Subject Property to PFO Side Car. PFO Side Car retains ownership of the Subject Property. (A true and correct copy of the recorded Trustee's Deed as a Result of Foreclosure is attached hereto and incorporated herein by reference as Exhibit "4.")

I declare under the penalty of perjury that the foregoing is true and correct.

DATED this 4th day of February, 2026.

/s/ Christopher R. Ambrose
Christopher R. Ambrose

**Page 3 - MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND NOTICE OF HEARING**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing **_DECLARATION OF CHRISTOPHER AMBROSE IN SUPPORT OF PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT_** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud.com

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, on February 4, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

DATED this 4th day of February, 2026.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com
Of Attorneys for Creditor PFO Side Car LLC

Honorable Mary Jo Heston
Chapter 13 (Adversary Complaint)
Hearing location: Via ZoomGov
Hearing Date: March 4, 2026
Time: 1:00 p.m.
Response Date: February 25, 2026

Christopher R. Ambrose, Esq.
WSB No. 26237
Ambrose Law Group, LLP
312 NW 10th Ave., Ste. 200
Portland, Oregon 97201-6616
(503) 467-7209
(503) 467-7210 (facsimile)
crambrose@ambroselaw.com
Of Attorneys for Defendant PFO Side Car LLC

## UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ILYA YUKHIMETS, | Case No.: 25-04074-MJH |
| Plaintiff, | **ORDER GRANTING DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT** |
| vs. | |
| PFO SIDE CAR LLC, an Oregon limited liability company, | |
| Defendant. | |

PFO Side Car LLC, an Oregon limited liability company, Defendant ("Defendant") in accordance with Local Rules of Bankruptcy Procedure 4001-1 and 9013-1, filed a motion to dismiss with prejudice (the "Motion") the adversary complaint (the "Adversary Complaint") of plaintiff Ilya Yukhimets ("Plaintiff") based on this Court's discretion, a failure of the Adversary Complaint to state a claim upon which relief may be granted, and there being an order of *in rem* relief pertaining to that real property commonly known as 7413 NE

**Page 1 - ORDER GRANTING DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT**

53rd Avenue, Vancouver, WA 98661 (the "Subject Property"). After notice and a hearing held on March 4, 2026, it is hereby

ORDERED:

1.    That Plaintiff's Adversary Complaint is dismissed with prejudice in its entirety; and,

2.    That *In Rem* relief pertaining to the Subject Property continues in accordance with that Order of this Court entered October 8, 2025, USBC, Western District of Washington, Case No. 25-42195-MJH.

Dated: _____          BY THE COURT


_____

United States Bankruptcy Judge

Western District of Washington

**Page 2 - ORDER GRANTING DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing **[PROPOSED] ORDER ORDER GRANTING DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud@gmail.com

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, on February 4, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

DATED this 4th day of February, 2026.

AMBROSE LAW GROUP LLC

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com

**Page 3 - ORDER GRANTING DEFENDANT PFO SIDE CAR LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT**

**6288794 D**
Total Pages:2 Rec: $304.50
Recorded in Clark County, WA
11/24/2025 12:39 PM
Excise: 916501
**ILYA YUKHIMETS**

When recorded return to:

PCHG, LLC
7413 NE 53rd Ave
Vancouver WA 98661

Unofficial COPY

## QUIT CLAIM DEED

**THE GRANTOR(S)**

Anna Yukhimets Spouse of grantee

for and in consideration of

Zero and No/100 Dollars ($0.00)

in hand paid, conveys and quit claims to

Ilya Yukhimets a married person, as his
separate estate

the following described real estate, situated in the County of Clark , State of Washington

together with all after acquired title of the grantor(s) herein:

Lot 2 of Short Plat, recorded in Book 1 of Short Plats,
Page 648, records of Clark County, Washington, being
a portion of the Northwest quarter of section 7,
Township 2 North Range 2 East of the Willamette
Meridian, recorded September 28, 1979, recorded under
Auditor's file NO. 7909280187, records of Clark
County, Washington.

Abbreviated Legal: (Required if full legal not inserted above )

Tax Parcel Number(s):

156691005

LPB 12-05(i)rev 12/2006
Page 1 of 2

Dated: November 19, 2025

Anna Yukhimets-Shcheglova

*A. Yuy*

STATE OF Washington

COUNTY OF Clark                                      ss.

I certify that I know or have satisfactory evidence that Anna Yukhimets-Shcheglova

(is/are) the person(s) who appeared before me, and said person(s) acknowledged that she signed this instrument and acknowledged it to be her free and voluntary act for the uses and purposes mentioned in this instrument..

Dated: November 19, 2025

```
NOTARY PUBLIC
STATE OF WASHINGTON
STEPHEN WILLIAMS FLORES
MY COMMISSION EXPIRES
MAY 09, 2028
COMMISSION # 24015370
```

Notary name printed or typed: Stephen Williams Flores
Notary Public in and for the State of Washington
Residing at Vancouver, WA Clark County
My appointment expires: May 9, 2028

LPB 12-05(i)rev 12/2006
Page 2 of 2

 **Outlook**

## Re: Chapter 13 follow up

From Eli Yukhimets <eliyuk@icloud.com>
Date Fri 12/5/2025 1:14 PM
To    Christopher R. Ambrose <crambrose@ambroselaw.com>

Are you happy with your unlawful and unconstitutional actions? Your happiness will end quickly!

Please be advised that your actions are categorically unlawful, in violation of constitutional mandates, and morally reprehensible. You will be held liable under the full force of the law for the grievous injuries and irreversible harm inflicted upon me and my family, constituting a flagrant breach of both national and international legal standards.

You shall be subject to a deliberate and unyielding prosecution before a military tribunal, where you will face charges pertaining to crimes against humanity. Concurrently, the constitutional court, as the ultimate guardian of legal integrity, will ensure that your egregious violations are met with uncompromising justice—contrary to the unauthorized tribunals you have attempted to invoke.

Your conduct is indefensible, and you will forever bear the stigma of representing an embodiment of malevolence. The relentless pursuit of justice will inevitably lead to your full and ultimate condemnation.

Any individual involved in this illicit, unconstitutional, and unlawful conduct will be held fully accountable and required to redress the damages incurred.

Sent from my iPhone

> On Dec 5, 2025, at 11:17 AM, Christopher R. Ambrose <crambrose@ambroselaw.com> wrote:
>
>
>
> Thank you. You are welcome to have your legal counsel contact me.
>
> Chris
> (503) 329-8092 (m)
>
>
> From: Eli Yukhimets <eliyuk@icloud.com>
> Sent: Friday, December 5, 2025 11:00 AM
> To: Christopher R. Ambrose <crambrose@ambroselaw.com>
> Subject: Re: Chapter 13 follow up
>
> You are in violation and will be sued and anyone showing up with be arrested!

You and your firm are a scammers and will be facing justice soon!

Sent from my iPhone

On Dec 5, 2025, at 10:57 AM, Christopher R. Ambrose
<crambrose@ambroselaw.com> wrote:

Mr. Yukhimets: This will acknowledge receipt of your email below and your
calls this morning to Janis Alexander.

The foreclosure sale is proceeding as scheduled in accordance with the
Bankruptcy Court's Order Granting Creditor PFO Side Car LLC's Motion for Relief
from the Automatic Stay Under 11 USC Secs. 362(d)(1), (d)(2), and (d)(4) and for
In Rem Relief from the Automatic Stay under 11 USC Sec. 362(d)(4), dated
October 8, 2025, copies of which previously were served upon you, Anna
Yukhimets, and Prudent Capital, and which you and Anna Yukhimets
acknowledged in your various requests in Anna Yukhimets' bankruptcy case.

This also will acknowledge receipt (through bankruptcy records, not service on
this firm, VPN Trustee Services, or PFO Side Car, LLC) of your email to the
bankruptcy court on December 4, 2025 requesting "emergency relief from
stay," which the court has not granted.

Please direct any further communications regarding this matter to the
undersigned. Thank you.

Chris Ambrose

(503) 329-8092 (m)

From: Eli Yukhimets <eliyuk@icloud.com>
Sent: Friday, December 5, 2025 10:29 AM
To: Janis K. Alexander <jkalexander@ambroselaw.com>; Christopher R. Ambrose
<crambrose@ambroselaw.com>
Subject: Re: Chapter 13 follow up

Hello! I need you to confirm the receipt or you will be in violation of
automatic stay under 11 U.S.C. § 362, which legally prohibits any further
action to enforce the lien against the property, including the foreclosure
sale.

Dear Janis,

Following up on my previous email, please find attached the official court notice confirming Mr. Yukhimets's bankruptcy filing. As a reminder, the automatic stay is now in effect, and the foreclosure sale must be postponed.

Please confirm receipt and postponement at your earliest convenience.

Thank you!
Ilya Y

<IMG_5820.png>

Sent from my iPhone

> On Dec 4, 2025, at 3:41 PM, Eli Yukhimets <eliyuk@icloud.com> wrote:
>
> Dear Janis Alexander,
>
> I am writing to inform you that Ilya Yukhimets, who has filed for Emergency filing Chapter 13 bankruptcy protection today, December 4th 2025. The case number assigned is 25-43020.
>
> We understand that VPN Trustee Services, Inc. is scheduled to conduct a foreclosure sale on Mr. Yukhimets's property located at 7413 NE 53rd Ave, Vancouver WA Clark 98661, on December 5, 2025, at 11:00 AM.
>
> Please be advised that the filing of this bankruptcy case invokes the automatic stay under 11 U.S.C. § 362, which legally prohibits any further action to enforce the lien against the property, including the foreclosure sale.
>
> I would greatly appreciate it if you would immediately postpone the foreclosure sale and confirm receipt of this notification. I am forwarding a copy of the bankruptcy petition and related schedules to your office as soon as they are available.
>
> Thank you for your cooperation in this matter!
>
> Please confirm receipt and postponement as soon as you receive this notification.

Thank you,
Ilya Y

Sent from my iPhone


I'm following up on my previous email!
Sent from my iPhone

> On Dec 4, 2025, at 6:07 PM, Eli Yukhimets <eliyuk@icloud.com> wrote:

Dear Janis,

Following up on my previous email, please find attached the official court notice confirming Mr. Yukhimets's bankruptcy filing. As a reminder, the automatic stay is now in effect, and the foreclosure sale must be postponed.

Please confirm receipt and postponement at your earliest convenience.

Thank you!
Ilya Y

<IMG_5820.png>

Sent from my iPhone

> On Dec 4, 2025, at 3:41 PM, Eli Yukhimets <eliyuk@icloud.com> wrote:

Dear Janis Alexander,

I am writing to inform you that Ilya Yukhimets, who has filed for Emergency filing Chapter 13 bankruptcy protection today, December 4th 2025. The case number assigned is 25-43020.

We understand that VPN Trustee Services, Inc. is scheduled to conduct a foreclosure sale on Mr. Yukhimets's property located at 7413 NE 53rd Ave, Vancouver WA Clark 98661, on December 5, 2025, at 11:00 AM.

Please be advised that the filing of this bankruptcy

Case 25-04074-MJH    Doc 17    Filed 02/04/26    Ent. 02/05/26 00:01:27

case invokes the automatic stay under 11 U.S.C. § 362, which legally prohibits any further action to enforce the lien against the property, including the foreclosure sale.

I would greatly appreciate it if you would immediately postpone the foreclosure sale and confirm receipt of this notification. I am forwarding a copy of the bankruptcy petition and related schedules to your office as soon as they are available.

Thank you for your cooperation in this matter!

Please confirm receipt and postponement as soon as you receive this notification.

Thank you,
Ilya Y

Sent from my iPhone

EXHIBIT "4"

**6291709 D**
Total Pages:3 Rec: $305.50
eRecorded in Clark County, WA
12/9/2025 2:47 PM
Ambrose Law Group LLC

917079 - $10.00 - Ambrose Law Gr - Danielle Scott - 12/09/2025

**WHEN RECORDED, RETURN TO:**

VPN Trustee Services (Washington), Inc.
312 NW Tenth Avenue, Suite 200
Portland, OR 97209

## TRUSTEE'S DEED AS A RESULT OF FORECLOSURE

The Grantor, VPN Trustee Services (Washington), Inc. (the "Grantor" and "Trustee"), as trustee under that deed of trust, as hereinafter particularly described, in consideration of the premises and payment recited below, hereby grants and conveys, without warranty, to PFO Side Car, LLC, an Oregon limited liability company, the "Grantee," that certain real property, situated in the County of Clark, State of Washington, described as follows:

That real property commonly known as 7413 NE 53rd Avenue, Vancouver, Washington 98661, and more particularly described as follows: Lot 2 of Short Plats, Recorded in Book 1 of Short Plats, Page 648, recorded on September 28, 1979, under Auditor's File No. 7909280187, Records of Clark County, Washington,

APN: 156691005, (the "Property").

### RECITALS:

1.       This conveyance is made pursuant to the powers, including the power of sale, conferred upon said Trustee identified herein by the Trust Deed, executed by Prudent Capital, LLC, a Nevada limited liability company, as grantor (referred to herein as the "Borrower" or the "Grantor"), to WFG National Title Company of Clark County, WA, LLC, as trustee, and Pac West Funding, Inc., dba Precision Capital, as beneficiary (the Beneficiary"), dated October 14, 2022, recorded on October 27, 2022, as Instrument No. 6087171 DT, in the County Recorder's office in Clark County, Washington. All beneficial right, title, and interest in the Trust Deed was assigned by The Oregon Fund, LP, by Assignment of Trust Deed by Beneficiary dated November 7, 2022, and recorded on November 7, 2022, as Instrument No. 6089192 ADT, in the County Recorder's office in Clark County, Washington. All beneficial right, title and interest in the Trust Deed was assigned by the Oregon Fund, LP to PFO Side Car, LLC ("the Beneficiary"), an Oregon limited liability company, by Assignment of Trust Deed by Beneficiary dated July 16, 2025, and recorded on July 17, 2025, as Instrument No. 6261673 ADT, in the County Recorder's office in Clark County, Washington. The Beneficiary holds all right, title, and interest in the Trust Deed. VPN Trustee Services (Washington), Inc., has been appointed as successor trustee (the "Trustee"), and is the current trustee.

2.       The Trust Deed was executed to secure, together with other undertakings and

obligations set forth in the Trust Deed, the payment of a Promissory Note (the "Note") in the sum of $720,000.00, with interest thereon, according to the terms thereof, in favor of the Beneficiary's assignor, and to secure any other sums of money which might become due and payable under the terms of the Trust Deed.

3. The Trust Deed provides that the Property is not used principally for agricultural or farming purposes.

4. The United States Bankruptcy Court for the Western District of Washington at Tacoma issued on October 8, 2025, an Order Granting Creditor PFO Side Car LLC's Motion for Relief from the Automatic Stay Under 11 USC §§ 362(d)(1), (d)(2), and (d)(4) and for In Rem Relief from the Automatic Stay under 11 USC § 362(d)(4)

5. Default having occurred in the obligations secured and/or covenants of the Grantor, as set forth in the Notice of Foreclosure and Notice of Trustee's Sale described below, which the terms of the Trust Deed make operative the power of sale, the Trustee caused to be recorded and served a Notice of Trustee's Sale ("Notice to Sell") dated October 23, 2025, recorded October 23, 2025, as instrument number 6282534 NTS, in the Official Records of Clark County, Washington.

6. The Trustee, in its aforesaid Notice to Sell, fixed the place of sale at the Clark County Public Service Center, Gazebo Area, located at 1300 Franklin Street, Vancouver, Washington 98660, a public place, at 11 o'clock a.m. on Friday, December 5, 2025, and in accordance with law caused copies of the statutory Notice of Foreclosure and Notice of Trustee's Sale to be transmitted by mail to all persons entitled thereto and either posted or served in accordance with law.

7. During foreclosure, no action was pending on any obligations secured by the Trust Deed.

8. All legal requirements and all provisions of the Trust Deed have been complied with, as to acts to be performed and notices to be given, as provided in RCW 61.24.040, et seq.

8. The defaults specified in the Notice of Foreclosure not having been cured eleven days prior to the date of Trustee's Sale and said obligations secured by the Trust Deed remaining unpaid, at 11:00 a.m. on December 5, 2025, the date of sale, which was not less than 190 days from the date of default, the Trustee then and there sold at public auction to PFO Side Car, LLC, an Oregon limited liability company, the highest bidder therefore, the above described Property for the sum of Eight Hundred Twenty-Five Thousand and no/100ths Dollars ($825,000.00), being less than the amount due and owing the Beneficiary.

/////

/////
[SIGNATURE AND NOTARY ACKNOWLEDGMENT ON NEXT PAGE]

PAGE 2 - TRUSTEE'S DEED

DATED this __8__ th day of December, 2025.

Trustee:

VPN Trustee Services (Washington), Inc.

By: *Janis K. Alexander*

Janis K. Alexander, Secretary
312 NW Tenth Avenue, Suite 200
Portland, OR 97209-3121

STATE OF OREGON )
                      ) ss
County of Multnomah )

On this day personally appeared before me Janis K. Alexander, known by me to be the person who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned, as the Secretary of VPN Trustee Services (Washington), Inc.

GIVEN under my hand and official seal this __8__ th day of December, 2025.

*Lisa Ellen Louzon*

NOTARY PUBLIC for the State of Oregon

My commission expires: March 14. 2026

OFFICIAL STAMP
LISA ELLEN LOUZON
NOTARY PUBLIC - OREGON
COMMISSION NO. 1022567
MY COMMISSION EXPIRES MARCH 14, 2026