**Below is the Order of the Court.**

_Mary Jo Heston_
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

---

## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

ILYA P. YUKHIMETS,

          Debtor.

ILYA YUKHIMETS and ANNA YUKHIMETS,

          Plaintiffs

      v.

PFO SIDE CAR LLC, CHRISTOPHER AMBROSE, PACWEST FUNDING INC. dba PRECISION CAPITAL, and DOES 1-10,

          Defendants

Case No. 25-43020

Adversary No. 25-04074

**ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND SETTING FOR HEARING ON MAY 21, 2026, AT 1 PM**

This matter came before the Court on Defendants' Motion to Dismiss Adversary Proceeding with Prejudice ("Motion"), filed by Defendants PFO Side Car LLC, Christopher R. Ambrose, and PacWest Funding, Inc. dba Precision Capital ("Defendants") on March 23, 2026. ECF No. 57. Attached to the Motion are Mr. Ambrose's declaration and nine

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND SETTING FOR HEARING ON MAY 21, 2026, AT 1 PM – 1

exhibits. The Motion was set for hearing on April 22, 2026, at 10 a.m. On April 2, 2026, Ilya Yukhimets and Anna Yukhimets ("Plaintiffs") filed an Opposition to Defendants' Motion to Dismiss ("Opposition") and a supporting declaration, which contains one exhibit. ECF Nos. 61 and 62.

The Plaintiffs filed a complaint against the Defendants on December 29, 2025. ECF No. 1. On February 2, 2026, the Plaintiffs filed a "Second Amended Complaint for Damages for Willful Violation of the Automatic Stay, Trespass, and Intentional Infliction of Emotional Distress." ECF No. 12. On February 3, 2026, the Court entered an Order to Show Cause Why This Adversary Proceeding Should Not Be Dismissed ("OSC"), for lack of jurisdiction and other reasons. ECF No. 16. At the OSC hearing on February 19, 2026, the Court advised the parties to address the timing of the recordation of the Court's 11 U.S.C. § 362(d)(4) order entered in the bankruptcy case of Ilya Yukhimets and whether such recording violated the automatic stay imposed by the bankruptcy filing of Anna Yukhimets, as asserted by the Plaintiffs. On February 24, 2026, the Plaintiffs filed a "First Amended Complaint," ECF No. 51, and on March 2, 2026, the Plaintiffs filed an "Amended Complaint," ECF No. 54. The Defendants filed the Motion on March 23, 2026. The Defendants have not filed an answer to any of the Plaintiffs' complaints.

The Motion seeks to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for failure to state a claim. Both parties have filed declarations and exhibits in support of or in opposition to the Defendants' 12(b)(6) motion. Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Based on the record before it, the Court determines that Defendants' Motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, and continued for hearing to May 21, 2026 at 1:00 p.m. In

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND SETTING FOR HEARING ON MAY 21, 2026, AT 1 PM – 2

addition to the issues already raised by the parties in their briefs, the Court will consider (1) whether the recordation of the Court's 11 U.S.C. § 362(d)(4) order violated the stay imposed by the bankruptcy filing of Anna Yukhimets, and (2) whether annulment of the stay is appropriate. Accordingly, is it hereby

**ORDERED** that Defendant's Motion to Dismiss Adversary Proceeding with Prejudice is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, which will be heard by **ZoomGov on May 21, 2026, at 1:00 p.m.**; it is further

**ORDERED** that additional briefing and evidence on the two issues identified above must be filed by **May 14, 2026**. Any new arguments raised therein should be limited to these two issues.

/ / / End of Order / / /

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND SETTING FOR HEARING ON MAY 21, 2026, AT 1 PM – 3