Honorable Mary Jo Heston
Chapter 13 (Adversary Complaint)
Hearing location: Via ZoomGov
Hearing Date: April 22, 2026
Time: 10:00 a.m.
Response Date: April 15, 2026

Christopher R. Ambrose, Esq.
WSB No. 26237
Ambrose Law Group, LLP
312 NW 10th Ave., Ste. 200
Portland, Oregon 97201-6616
(503) 467-7209
(503) 467-7210 (facsimile)
crambrose@ambroselaw.com
Of Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ILYA YUKHIMETS, ANNA YUKHIMETS | Case No.: 25-04074-MJH |
| Plaintiffs, | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING** |
| vs. | |
| PFO SIDE CAR LLC, an Oregon limited liability company, CHRISTOPHER R. AMBROSE, PRECISION CAPITAL LLC, DOES 1-10, | |
| Defendants. | |

## I. PLAINTIFFS' CLAIMS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED, AND DISMISSAL IS APPROPRIATE UNDER FRCP 12(b)(6) AND 11 USCS § 105(a)

In their Opposition, Plaintiffs continue to falsely assert facts, and to make erroneous legal conclusions without authority. Plaintiffs have shown a complete disregard for the policies and procedures of the bankruptcy process. They are not members "of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect." *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

**Page 1 - REPLY MEMORANDUM**

**A.  Jurisdiction.**

The Opposition does not identify any new issues regarding the discretion of this Court. As noted in the Motion to Dismiss, this Court has discretion to retain jurisdiction when taking into consideration economy, convenience, fairness and comity and whether to retain jurisdiction over pendent state claims. *In re Carraher*, 971 F.2d 327, 328, 1992 U.S. App. LEXIS 16883 (9th Cir. 1992) (citing to *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988).

**B.  Anna Yukhimet's Lack of Standing and the Status of the Property.**

Plaintiffs claim that since the Subject Property is in Washington, the Subject Property is community property. That not only is not what the complaint indicates, it is not the law of Washington and is not what is reflected in the real property records for Clark County, signed by Plaintiffs. In this instance, the record reflects that the Subject Property was owned by borrower Prudent Capital, LLC ("Prudent Capital"), a Nevada limited liability company, at the time of the operative loan during October 2022. The maturity date was November 1, 2024. (Teer Dec., Ex. 2.)[1] On April 22, 2025, immediately prior to a foreclosure sale, Prudent Capital conveyed the Subject Property to Ilya Yukhimets. (Teer Dec, Ex. 7.) On June 23, 2025, immediately prior to a foreclosure sale, Ilya Yukhimets conveyed the Subject Property to "Anna Yukhimets, a married person, as their (sic) separate estate." (Teer Dec., Ex. 8.) On November 24, 2025, immediately prior to a foreclosure sale, Anna Yukhimets conveyed the Subject Property to "Ilya Yukhimets, a married person, as their (sic) separate estate." (Ambrose Supp. Dec., Ex. 5.)

The deed from Anna Yukhimets of her separate property to Ilya Yukhimets as his separate property create an irrefutable presumption that the Subject Property was not

---

[1]To the extent necessary, Defendants reiterate their request that this Court take judicial notice of the underlying bankruptcy case (Ilya Yukhimets Bankruptcy Case No. 2), and the foregoing bankruptcy cases (Anna Yukhimets Bankruptcy Case No. 1, Anna Yukhimets Bankruptcy Case No. 2, and Ilya Yukhimets Bankruptcy Case No. 1). See *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

**Page 2 - REPLY MEMORANDUM**

community property. This is particularly compelling given the gamesmanship of Plaintiffs by their repeated conveyances - "He who seeks equity must come with clean hands."

Plaintiff Anna Yukhimets lacks standing for any of the claims.

**C.      The In Rem Order Precludes All Plaintiffs' Claims.**

On October 8, 2025, after notice and opportunity to be heard, this Court granted plaintiff PFO Side Car LLC's Motion for Relief from the Automatic Stay under 11 USC §§ 362(d)(1), (d)(2), and (d)(4) and for In Rem Relief from the Automatic Stay Under 11 USC § 362(d)(4)(the "Motion for Relief"), and this Court issued the corresponding Order (the "In Rem Order"). (A copy of the Order is attached as Exhibit 5 to the Declaration of Christopher Ambrose in support of this Motion to Dismiss.)

The In Rem Order was based on specific findings that the filing of the series of bankruptcy filings by Anna Yukhimets and spouse Ilya Yukhimets expressly was "part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Subject Property," i.e., 7413 NE 53rd Ave., Vancouver, Washington 98661 (the "Subject Property")(In Rem Order, p. 2). Plaintiffs thereafter continued the scheme by again conveying the Subject Property immediately prior to the December 5, 2025 foreclosure sale. They now claim a lack of knowledge regarding the In Rem Order, and that the relief provided by an In Rem Order cannot carry over to another bankruptcy (Ilya Yukhimets Bankruptcy Case No. 2), a fundamental misrepresentation regarding the nature of in rem relief.

Defendants and their counsel have complied with all procedures and this Court should dismiss Plaintiffs' claims in their entirety based on the In Rem Order alone. Dismissal is appropriate and authorized by this Court pursuant to FRCP 12(b)(6) and sua sponte via 11 USCS § 105(a).

**1.      The Nature of In Rem Relief Applies To The Subject Property In the Event of Future Bankruptcies Upon Recording.**

In their Opposition, Plaintiffs claim that the "In Rem Order from a Dismissed, Unrelated Case is Irrelevant and Has No Force Here." Plaintiffs also claim without any

**Page 3 - REPLY MEMORANDUM**

legal authority whatsoever that the In Rem Order was of no legal affect once the Anna Yukhimets' Bankruptcy Case No. 2 was terminated. To the contrary, the specific purpose of *in rem* relief is to provide relief for creditors in order to protect against serial filers such as the Yukhimets.

First, unlike *In Re Solano*, 2025 U.S. Dist. LEXIS 125367 (USDC,Central District of California)(2025) and *Johnson v. TRE Holdings, LLC (In Re Johnson)*, 346 Bankr. 190 (2006), the Court in this instance **did** issue findings and expressly found after notice and opportunity to be heard that the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Subject Property. Further, Ilya Yukhimets had the opportunity in his bankruptcy case (Ilya Yukhimets Bankruptcy Case No. 2) to move from relief from the In Rem Order based upon changed circumstances or for good cause shown, after notice and hearing, at any time after October 8, 2025.

Second, bankruptcy courts both before and after the enactment of 11 USC § 364(d)(4) have granted forms of in rem relief - initially pursuant to a court's authority to impose an equitable servitude on a debtor's real property, pursuant to 11 USCS § 105(a), and thereafter pursuant to both 11 USCS § 105(a) and 11 USC § 362(d)(4). See *In re Yimam*, 214 B.R. 463 (Bankr. D. Md. 1997). Third, as a number of courts have noted, in rem relief is particularly appropriate when spouses are engaging in tag team transfers, as here. *Kelly v. Naples Prop. Holding Co., LLC*, 671 at 455.

Plaintiffs' assertions notwithstanding, it is well-established that *in rem* relief through either an equitable servitude concept under either 11 USC 105(a) or 11 USC 362(d)(4) will apply in future bankruptcies by other parties. See also, *In Re Vazquez*, 580 B.R. 526 (USDC Central District of California)(2017); *In re Worden*, 2023 Bankr. LEXIS 1736, *39-40, 2023 WL 4480358 (USBC NDNY 2023); *In re Alakozai*, 499 B.R. 698 (B.A.P. 9th Cir. 2013).

     **2.**     **Ilya Yukhimets Had Both Notice and Opportunity to Be Heard, Yet Purposefully Failed to Attend Any Proceedings, To Comply With**

**Page 4 - REPLY MEMORANDUM**

**Court Orders, or to File for Relief Based on a Change of Circumstances or Good Cause.**

Plaintiffs now claim in their Opposition that Ilya Yukhimets was not aware of the In Rem Order. This is patently false and a misrepresentation to this court. While not required, it is clear that Ilya Yukhimets had both constructive notice and actual notice.

As spouses working in concert as part of the scheme (e.g., conveying the Subject Property back and forth), Ilya Yukhimets had constructive notice of the In Rem Order. *See In re Roeben*, 294 B.R. 840, 848, 2003 Bankr. LEXIS 698294 (USBC Eastern Dist. AK 2003) (finding that it was clear that a debtor and her spouse "acted in concert to abuse the automatic stay provisions of the Bankruptcy Code," so her spouse would have "constructive notice"); *See also In re Fernandez*, 212 B.R. 361, 371 (Bankr. C.D. Cal. 1997) (same finding).

Additionally, while service on Ilya Yukhimets is and was not required for the filings in the Anna Yukhimets Bankruptcy Case No. 2, Ilya Yukhimets (individually and not just through Anna Yukhimets) still was repeatedly provided in multiple formats with multiple copies of the Motion for In Rem Relief, the proposed In Rem Order before signing, and the signed In Rem Order. Ilya Yukhimets was provided with no less than eight copies each of the Motion for Relief, the proposed In Rem Order, and the signed In Rem Order. Ilya Yukhimets or someone on his behalf at those addresses (including his personal residence and business address) specifically signed for at numerous copies of each document. (Ambrose Supp. Dec., ¶¶ 1-3.)

The In Rem Order was issued October 8, 2025 and was duly recorded with Clark County, Washington on December 5, 2025, prior to the foreclosure sale. Ilya Yukhimets had the opportunity in the Ilya Yukhimets Bankruptcy Case No. 2 to file for relief based on changed circumstances or for good cause, after notice and hearing, at any time after October 8, 2025 but failed to do so. Instead, Ilya Yukhimets filed a "Motion to Enforce the Emergency Stay and Reverse Foreclosure" without property notice and without proper service, resulting in the denial of the Motion to Enforce, and then had his bankruptcy case

dismissed due, again, to noncompliance with this Court's orders. Plaintiffs did not file for relief from the In Rem Order because they could not establish good cause or changed circumstances.

**D.     The FDCPA Claim (Count II) Should be Dismissed.**

None of the necessary elements are provided and the Opposition does not provide support.

**1.     The Underlying Debt is Not Consumer Debt On Its Face.**

The FDCPA applies to consumer debts, not business loans. 15 U.S.C. § 1692. Plaintiffs acknowledge in their Opposition that the loan was made to "separate entity Prudent Capital, LLC," and that Plaintiffs "became managing members after their business partner left." (Opposition, p. 2.)

Plaintiffs cite to *Slenk v. Transworld Sys.*, 236 P.3d 1072 (2001) for the proposition that the loan to Prudent Capital was converted to personal debt. Unlike *Slenk*, the borrower in this instance is and was Prudent Capital, LLC, a Washington limited liability company, which Plaintiffs acknowledge in their Opposition (Opposition Memorandum, p. 2). Borrower Prudent Capital (through Elijah Yukhimets) represented and warranted "to Lender that the proceeds of the Loan will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes." (Lorena Teer Dec., Ex. 1, p. 8, Sec. 3.15.) (Anna Yukhimets Bankruptcy Case No. 2.)

A formulaic recitation of the elements falls short of the pleading standards necessary for a valid FDCPA claim, particularly when the business nature of the disputed debt is clear on its face, and a motion to dismiss is appropriate. *See Fenimore v. Specialized Loan Servicing, LLC*, 2026 U.S. Dist. LEXIS 63123, *13-14 (USDC Dist. OR 2026).

**2.     Defendant PFO Side Car LLC is the Creditor and Exempt.**

Additionally, PFO Side Car LLC is the creditor, and is not subject to the FDCPA. "A creditor does not qualify as a debt collector under the FDCPA unless the creditor, 'in the

**Page 6 - REPLY MEMORANDUM**

process of collecting [their] own debts, uses any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts.' 15 U.S.C. § 1692a(6)." *Morgan v. Bank of Am., N.A.*, 2022 Wash. App. LEXIS 976, *4, 2022 WL 1316275.

### 3. Precision Capital Is the Loan Servicer and Not a Debt Collector.

Finally, Precision Capital also is exempt. "[I] is well-established that... a loan servicer is not a 'debt collector' under the FDCPA." Okada v. Green Tree, No. C-10-0487 JCS, 2010 U.S. Dist. LEXIS 38421, 2010 WL 1573781, at *3 (N.D. Cal. Apr. 19, 2010) (citing cases). Because Precision Capital is identified as the loan servicer and not a debt collector, the FDCPA claim against Precision Capital fails as a matter of law. Id.

### E. Plaintiffs' Count III Fails to Allege the Proper Elements for a Fraud Claim.

The Opposition fails to address the deficiencies regarding Plaintiffs' claim for fraud. Instead, Plaintiffs' claim that Defendants knowingly recorded fraudulent documents (e.g., the In Rem Order, "false cover sheets," and "clouding of title").

Not only have Plaintiffs not met the heightened pleading standards of FRCP 9(b), the grounds for their fraud claim are actually what is a part of the *in rem* process as ordered by this Court, i.e., the recording of the In Rem Order. None of the elements of a fraud claim are plead within the foregoing parameters and the Opposition does not provide support.

### F. The Opposition Fails to Address the Deficiencies Pertaining to the Due Process Claims.

In their Opposition, Plaintiffs cite to numerous cases that are either inapplicable or directly contrary to allegations of a property due process claim. For example, in *Apao v. Bank of New York*, 324 F3d 1091 (2003), the Ninth Circuit Court held in that case that the Hawaii non-judicial foreclosure procedures *did not* involve the necessary direct state involvement and affirmed the dismissal of the plaintiff's due process claim, following the United States' Supreme Court holding in *Flagg Bros, Inc. v. Books*, 436 U.S. 149, 56 L.Ed 2d 185, 98 S. Ct. 1729 (1978)

**Page 7 - REPLY MEMORANDUM**

As with *Apao* and *Flagg*, the Washington Supreme Court in *Kennebec, Inc. V. Bank of the W.*, 88 Wn 2d 718 (1977), specifically affirmed the trial court's dismissal of the plaintiff's due process claim under the Fourteenth Amendment and held that the foreclosure actions taken pursuant to RCW 61.24 (as here) were passive state involvement, *did not* constitute significant "state action," and therefore were not violative of the due process clause of the Fourteenth Amendment or the Washington constitution. Id at 725-726. See also In *Robinson v. Wells Fargo Bank N.A.*, 2017 U.S. Dist. LEXIS 81354 (2017)(same result as *Kennebec*). Plaintiffs cannot and will not be able to properly allege that Defendants are federal or state actors.

**G.      The Opposition Fails to Resolve the Pleading Issues Regarding the Trespass Claim.**

In their Opposition, Plaintiffs claim that the photos were taken from a shared private road. First, from a factual standpoint, only a portion of NE 53rd Avenue may be considered a private road, and issues remain regarding the nature of the roadway where the photos were taken. Even so, "one element of an intentional trespass is that the defendant knew with reasonable foreseeability that their intentional act will result in intrusion of the plaintiff's interest in exclusive possession. Bradley, 104 Wn.2d at 692-93. In other words, the defendant must be 'substantially certain that the trespass would result from his intentional actions.' *Grundy*, 151 Wn. App. at 569. *Lavington v. Hillier*, 22 Wn. App. 2d 134, 155, 510 P.3d 373, 384-385, 2022 Wash. App. LEXIS 1106, *25, 2022 WL 1638234.

Even under the scenario provided by Plaintiffs: (1) There is no allegation of an "invasion of property"; the sole allegation pertains to a lender/owner taking photographs showing the condition of the property; (2) There is and was no allegation of *exclusive possession* of what Plaintiffs acknowledge is a shared road; (3) There is no allegation that the photographer had any knowledge that a portion of the road was possibly a shared road.

The Opposition fails to correct any deficiencies in the complaint for a trespass claim.

**H.      Plaintiffs Opposition Fails to Address a Valid Damages Claim for Any of the Counts.**

Plaintiffs have not sufficiently alleged that they suffered compensable damages. They fail to identify that they had any equity in the Subject Property or that the Foreclosure Sale resulted in the loss of a valid interest in the Subject Property. In fact, as noted in the Motion for Relief and In Rem Relief, the Subject Property was hundreds of thousands of dollars under water. On January 28, 2026, another money judgment was added to the debt against the Subject Property. (Ambrose Supp. Dec., ¶ 3.) Had Plaintiffs felt that action to preserve their interest in the Subject Property was warranted, either Plaintiff could have filed schedules and a plan in the Ilya Yukhimets Bankruptcy Case No. 2, but failed to do so for obvious reasons - Ilya Yukhimets and Anna Yukhimets are egregiously using the court system to delay the consequences of their actions.

Further, they allege purported damages arising out of the stress associated with the actions of Prudent Capital and the continued, extended nonpayment of the business Loan.

### I. Litigation Privilege.

The purported claims against Ambrose are largely, if not exclusively protected by the Washington litigation privilege or are or were required by court order. Under Washington law, witnesses and attorneys participating in the legal process are immune from civil liability for claims based on their testimony. *Wynn v. Earin*, 163 Wn.2d 361, 181 P.3d 806, 810 (Wash. 2008); *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 564 P.2d 1131, 1133 (Wash. 1977).

Any of Plaintiffs' claims arising out of statements made by Ambrose during the litigation are precluded based on the foregoing.

### J. Plaintiffs Have Acted in Bad Faith and Leave To Amend is Not Warranted.

In addition to the foregoing, Plaintiffs make numerous other statement consistent with Defendants' position that Plaintiffs are merely attempting to buy time and are abusing the bankruptcy process. Plaintiffs' actions remain consistent with their prior threats during December 2025. Further, Plaintiffs claim that there are open grievances against

### Page 9 - REPLY MEMORANDUM

Defendants' counsel with the Oregon and Washington State Bars. Not only are those administrative complaints irrelevant, Plaintiffs were well aware at the time that they filed their Opposition that both the Washington and Oregon State Bars summarily dismissed Plaintiffs' complaints. (Ambrose Supp. Dec., ¶ 5.)

Plaintiffs also most recently on April 10, 2026, not only threatened to again file complaints with the Washington and Oregon state bars, they threatened to report legal counsel's actions (i.e., the "fraudulent" act of recording the In Rem Order) to the United States Trustee and the Department of Justice, along with a criminal referral, unless payment was made to them. Such action is tantamount to extortion under RCW 9A.56.110.

These are only the most recent threats, including physical threats (e.g. the December 2025 email that, among other things, threatened that "You shall be subject to a deliberate and unyielding prosecution before a military tribunal, where you will face charges pertaining to crimes against humanity.") Plaintiffs also have filed more than four adversary complaints in this action, adding or modifying the various claims without resolution, even after the Order to Show Cause Hearing on February 19, 2026. This matter is a foreclosure action against borrower Prudent Capital, LLC for a loan secured by a trust deed against the Subject Property to continued nonpayment. Leave to amend is not warranted.

## II. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted in its entirety

DATED this 15th day of April, 2026.

AMBROSE LAW GROUP, LLP


/s/ Christopher R. Ambrose
Christopher R. Ambrose, WSB No. 26237
Of Attorneys for Defendants


**Page 10 - REPLY MEMORANDUM**

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:

Ilya Yukhimets
Email: eliyuk@icloud

Anna Yukhimets
Email: annay.homes2018@gmail.com

The foregoing documents also were sent via first class United States mail, prepaid, to the following address, of April 16, 2026:

Ilya Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

Ilya Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

Anna Yukhimets
1220 Main Street, Ste. 4
Vancouver, WA 98660-2953

Anna Yukhimets
7413 NE 53rd Ave.
Vancouver, WA 98661

DATED this 16th day of April, 2026.

**AMBROSE LAW GROUP LLC**

/s/ Christopher R. Ambrose
Christopher R. Ambrose (WSB No. 27237)
Email: crambrose@ambroselaw.com

**Page 11 - REPLY MEMORANDUM**